**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**BRENT MURPHY**                                                                                          **PETITIONER**

**VERSUS**                                                                              **NO. 1:09cv729-HSO-JMR**

**CHRISTOPHER EPPS, RONALD KING
and ALICIA BOX**                                                                                       **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on Brent Murphy's Petition [1-1] for Writ of Habeas Corpus. The Respondents have filed an Answer [8-1] to the Petition, to which the Petitioner filed a Traverse. (*See* Answer [8-1]; Resp. [11-1].) This Court, having been advised in the premises and having considered the entire record, including the lodged state court record, the Petition [1-1], the Answer [8-1], Petitioner's Traverse [11-1], and all relevant law, finds that Brent Murphy's Petition [1-1] for Writ of Habeas Corpus should be dismissed as moot or, alternatively, denied for failure to exhaust.

## STATEMENT OF THE CASE

On or about June 13, 2002, the Petitioner, Brent Murphy ("Murphy") was arrested in Louisiana.[1] Thereafter, the Picayune, MS police department placed a hold on Murphy with the Slidell, LA police department for an armed robbery that occurred in Pearl River County, MS on June 10, 2002. (*See* Ex. "C" Attach. Resp't Answer [8-2].) The Court notes that the exact date the hold was placed on Murphy is not clear in the record. Murphy was indicted in Pearl River County, Mississippi for the crime of Armed Robbery on May 2, 2003. *See* State Court Record, ("S.C.R.")

---

[1]The reason behind Louisiana authorities' arrest of Petitioner is not readily apparent in the record before this Court. The Court notes that it is not clear if Petitioner was arrested pursuant to the June 10, 2002 robbery in Pearl River County, Mississippi or if he was arrested pursuant to some criminal charges obtained in Louisiana. (Ex. "C" Attach. Resp. Answer [8-2] 14.) The record does contain mention of Petitioner being held in Louisiana on unrelated Louisiana charges. (*See* Exs. "G," "H" Attach. Resp't Answer [8-2].)

vol. 1, 140.  Murphy pled guilty to the lesser included offense of Robbery in the Circuit Court of Pearl River County, on March 1, 2006.  Murphy was sentenced to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections ("MDOC") on March 16, 2006. (S.C.R. vol. 1, 32-33.)  Further, the trial court ordered that Murphy was to receive credit for time spent in Louisiana. *Id.*

On January 17, 2007, Murphy filed a request for Administrative Remedy with MDOC. (*See* Ex. "C" Attach. Resp't Answer [8-2].)  Murphy complained that his time computation sheet was not correct because he was not given credit for the pretrial time he spent incarcerated in Louisiana. *Id.*  MDOC responded and gave Murphy credit for time served in Louisiana starting when he was indicted on the robbery charge, May 2003. (*See* Ex. "D" Attach. Resp't Answer [8-2].)  However, Murphy maintained that he was entitled to credit for all the time he was incarcerated in Louisiana, including the time prior to the indictment starting from June 13, 2002, the date of his arrest. (*See* Exs. "D," "E," "F" Attach. Resp't Answer [8-2].)  Murphy was denied relief at all three steps of the ARP process, and on July 24, 2007 he signed for his Certificate documenting completion of the three-step ARP process and informing him of his right to seek judicial review within thirty (30) days. (*See* Ex. "F" Attach. Resp't Answer [8-2].)

Murphy filed a Motion to Show Cause in the Pearl River County Circuit Court on October 12, 2007; the Court notes that he signed the motion on August 2, 2007. (S.C.R., vol. 1, 5-24.)  Murphy argued that MDOC was denying him jail time credit which he claimed was awarded him by the trial court. *Id.*  The circuit court treated Murphy's motion as a motion for post-conviction relief and denied it by order on October 12, 2007. (*See* Ex. "G" Attach. Resp't Answer [8-2].)  Murphy filed a Notice of Appeal from the trial court's order on November 28, 2007, which he signed on November 21, 2007. (S.C.R. vol. 1, 86.)  On December 9, 2008, the Mississippi Court of

Appeals, by written opinion, dismissed Murphy's appeal for lack of jurisdiction due to his failure to timely file the notice of appeal in accordance with M.R.A.P. 4(a). *Murphy v. Epps*, 18 So.3d 263 (Miss.Ct.App. 2008). Thereafter, the Mississippi Supreme Court granted Murphy's petition for writ of certiorari; however, on October 1, 2009 it was dismissed as improvidently granted. (*See* Ex. "I" Attach. Resp't Answer [8-2].)

Murphy filed the instant Petition [1-1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising the following grounds (as stated by Petitioner):

>   Ground One**:**  Whether the trial court erred in dismissing appellant's motion for show cause?
>
>   Ground Two:  Whether the appellee's decisions were arbitrary, capricious beyond the appellee's scope and powers or violative of the constitutional or statutory rights of appellant?
>
>   Ground Three:  Whether the decisions of the trial court, state court of appeals and Mississippi Supreme Court were unreasonable due to the facts and evidence presented to them on this case?
>
>   Ground Four:  Whether the Mississippi State Supreme Court erred in denying certiorari and not reaching the merits of the issues presented on appeal and the rehearing?

(*See* Pet. [1-1].) The docket reflects that Murphy is currently in MDOC custody at the North Mississippi County Jail in Grenada, Mississippi. (*See* Docket; *see also* http://www.mdoc.state.ms.us/ (follow "Inmate Search" hyperlink; then search "Brent Murphy") (last visited March 1, 2011)).

**ANALYSIS**

Before beginning an analysis of Murphy's Petition, the Court notes that all of Murphy's claims are essentially one claim challenging the state courts' rulings regarding his assertion that his MDOC computation timesheet was incorrect because MDOC failed to award him credit for all

pretrial time served in Louisiana.

Respondents urge this Court to dismiss the instant petition as Petitioner was afforded the relief which he requested, i.e., that he was awarded credit for pretrial time served in Louisiana from June 21, 2002. According to Respondents, Murphy's sentence was re-calculated by the MDOC after the instant Petition was filed. The revised MDOC computation timesheet printed on December 22, 2009 reflects that Murphy has been awarded credit for pretrial time served from June 21, 2002 to June 13, 2005; from August 9, 2005 to August 11, 2005; and from August 11, 2005 to March 9, 2006, for a total pretrial jail credit of 1,300 days against his sentence. (*See* Ex. "J" Attach. Resp. Answer [8-2].)

In response to Respondents' claim that Petitioner's claims are moot, Murphy acknowledges that he was awarded credit for the 1,300 pretrial jail days that he was seeking. (*See* Pet.'s Resp. [11-1].) However, Murphy argues that he is entitled to a ruling from the Court finding that Respondents and the Mississippi state courts violated his constitutional and statutory rights by initially denying him credit for the pretrial jail time. *Id.* Murphy claims that the filing of the instant Petition was the catalyst that prompted the Respondents to award him the pretrial jail time credit, and he thus seeks an opinion from the Court finding that the state courts' and Respondents' actions were arbitrary, capricious, and beyond their scope and powers. *Id.*

First, this Court finds that Petitioner has been provided with the relief he seeks as he has been awarded pretrial credit for the time he served in Louisiana.[2] Thus, there is no case-or-controversy

---

[2] The Court notes that in Murphy's Petition he seeks credit for the pretrial jail time he spent incarcerated in Louisiana from the date he was arrested, on or about June 13, 2002. (Pet. [1-1] 15; *see also* Ex. "C" Attach. Resp't Answer [8-2] 14.) However, Murphy has been awarded credit for the pretrial jail time spent in Louisiana starting from June 21, 2002, eight (8) days later. (*See* Ex. "J" Attach. Resp't Answer [8-2].) Murphy concedes in his response to Respondent's Answer that he has been awarded credit for the time that he was seeking, specifically 1,300 days of pretrial jail credit time. (*See* Pet. Resp. [11-1].) Furthermore, Murphy does not mention or argue that he is entitled to an additional

present, as required under Article III, Section 2, of the Constitution.[3] Article III of the United States Constitution vests the federal courts with the judicial power to hear cases and controversies. U.S. Const. art. III, § 2. The Supreme Court has held that the case-or-controversy requirement of Article III, "limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980) (quoting *Flast*

---

eight (8) days credit. *Id.* Instead, Murphy acknowledges receiving the appropriate credit for pretrial jail time that he was seeking. *Id.* The Court also notes that the record is unclear as to what date a hold from the Picayune, MS Police Department was placed on Murphy with the Slidell, LA police. A report from the Picayune Police Department dated June 13, 2002 states that affidavits and warrants for armed robbery were filed and "a hold" was placed on Murphy with the Slidell Police Department; however, the report contains information and facts obtained on June 21, 2002, eight (8) days after the report was purported to be prepared. (Ex. "C" Attach. Resp't Answer [8-2] 14.) Therefore, the actual date that a hold was placed on Murphy or the actual date that warrants and affidavits were issued is not apparent from the record before the Court. Based on the record before the Court, it is entirely feasible that warrants were issued and a hold was placed on Murphy with the Slidell Police Department on June 21, 2002. Furthermore, the Court notes that the record contains mention that Murphy was arrested and held in Louisiana on unrelated Louisiana charges. (*See* Ex. "G" Attach. Resp't Answer [8-2]; *see also Murphy*, 18 So.3d at 264.)

    Additionally, the Court notes that MISS. CODE ANN. § 99-19-23 states:
> The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.

However, the Mississippi Supreme Court has held:
> that section 99-19-23 has no application to time served in another state while an accused is awaiting return to [Mississippi] to face criminal charges. For us to hold otherwise would encourage an accused to flee this State and seek refuge in a state or locality of his own choosing, and fight extradition knowing that any time spent in jail in such state would be credited to any sentence received by him upon conviction. Such holding would be an impediment to, rather than an aid to, criminal justice.

*Holland v. State*, 418 So.2d 73, 74 (Miss. 1982). Also, in *Stanley v. State*, 850 So.2d 154, 157 (P12) (Miss.Ct.App. 2003), the Mississippi Court of Appeals held that "a prisoner actually serving time for another conviction is not, within the meaning of Section 99-19-23, being held to await trial", and therefore is not entitled to receive credit for time served on an unrelated charge while the charge at issue is pending. Murphy has not asserted that he seeks credit for these eight (8) days nor does the record or Mississippi law suggest that he is entitled to them.

    [3]The Court is not aware of any collateral consequences which Petitioner will suffer sufficient to defeat mootness of this action. Collateral consequences will not be presumed. *Spencer v. Kemna*, 523 U.S. 1, 13, 118 S. Ct. 978, 986, 140 L. Ed. 2d 43 (1998).

*v. Cohen*, 392 U.S. 83, 95, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968)).  The doctrine of mootness ensures that federal courts are presented with issues that they have the ability to resolve. *Id.* at 396-97.  A case becomes moot "'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)).  Because Murphy has received the relief he sought, the petition is now moot and should be dismissed. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Furthermore, inasmuch as Murphy requests a ruling from this Court affirming the correctness of his habeas petition, this relief can not be granted. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (finding courts do not sit to render advisory opinions).  An actual controversy must exist at all stages of federal court proceedings. *Adair v. Dretke*, 150 Fed.Appx. 329, 331 (5th Cir. 2005).  The Petitioner has the burden of demonstrating any "collateral consequences" that he may suffer in order to establish the continuing relevance of this cause. *Id.*, *see also Spencer v. Lemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).  Murphy has failed to allege that he will be subject to any future adverse consequences from the initial denial of the pretrial jail time credit.

Alternatively, even assuming *arguendo* that the relief sought in the instant Petition is not moot, the Court finds that Murphy has failed to exhaust his claim.  Respondents submit, and the Court agrees, that the claim raised by Murphy in his present Petition has not been presented to the State's highest court in a procedurally proper manner.  Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "Appellants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal habeas applicant must generally

present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127, F.3d 409, 420 (5th Cir. 1997); Carter *v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles v. Johnson* 127 F.3d 409, 420 (5th Cir. 1997).

However, Respondents posit that Murphy cannot now meet the exhaustion requirement and has procedurally defaulted his claims in state court by failing to timely appeal the trial court's denial of his post-conviction relief motion. *See* M.R.A.P. 4(a) (a notice of appeal must be filed within thirty (30) days). Furthermore, Petitioner's claim is likely barred from Post-Conviction Relief in state court as it would most likely be dismissed as a second or successive application. Mississippi's Post-Conviction Collateral Relief Act, § 99-39-27(9) states, in relevant part, that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." MISS. CODE ANN. § 99-39-27(9). Therefore, Respondents submit, and this Court agrees, that there is no opportunity available for Murphy to present his claim to the state court in which such claim would be deemed procedurally proper. Consequently, Murphy has "technically exhausted" his claim in the instant petition and the claim is considered to be procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (citations and internal quotation marks omitted) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state court...[,] there is no substantial difference between nonexhaustion and procedural

default."); *see also Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

Procedural default of a federal claim in state court bars federal habeas review of that claim unless the petitioner can show "cause" for the default and "prejudice" attributable thereto, *Murray v. Carrier*, 477 U.S. 478, 485 (1986), or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Id.* at 495. Murphy concedes that he did not timely file a notice of appeal of the trial court's denial of his post-conviction motion, but he contends this was because he did not receive the trial court's order until on or about November 8, 2007. (*See* Ex. "A" Attach. Resp. [11-2].) The trial court denied Murphy's post-conviction relief motion on October 12, 2007. (*See* Ex. "G" Attach. Resp't Answer [8-2].) Thereby, Petitioner had thirty (30) days, until November 12, 2007[4], in which to file a notice of appeal. *See* M.R.A.P. 4(a). However, Petitioner signed his notice of appeal on November 21, 2007, nine (9) days after the filing deadline. (S.C.R. vol. 1, 86.) Thereafter, the Mississippi Court of Appeals dismissed Murphy's appeal as untimely. (*See* Ex. "H" Attach. Resp't Answer [8-2].)

Petitioner asserts that he filed the Notice of Appeal within thirty (30) days of *receiving* the trial court's order denying his post-conviction motion. (Ex. "A" Attach. Resp. [11-2] 2.) However, Murphy was required to file a notice of appeal within thirty (30) days of the entry of the trial court's order denying his post-conviction motion - by November 12, 2007. *See* M.R.A.P. 4(a). Murphy

---

[4]The court notes that thirty (30) days from October 12, 2007 fell on a Sunday, November 11, 2007. Therefore, Petitioner's notice of appeal was due the following business day, Monday November 12, 2007.

acknowledges receiving the trial court's order within the thirty (30) day period for filing notices of appeal, on or about November 8, 2007; however, he did not take any action - either filing a notice of appeal or requesting an extension of time in which to file a notice of appeal - until nine (9) days after the notice of appeal deadline, at the earliest. Accordingly, Murphy did not timely file a notice of appeal pursuant to Mississippi law, and thus, his claims in the present petition were not properly presented to the state's highest court and he therefore fails to satisfy the exhaustion requirement. *See Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Therefore, unless Murphy qualifies under one of § 2254(b)'s narrow exceptions: "cause and actual prejudice" or "miscarriage of justice," his Petition should be dismissed. *See* 28 U.S.C. § 2254(b)(1)(B).

To prove "cause" Murphy must establish that some "external force" impeded his efforts to comply with the procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Murphy argues that his motion for rehearing on the Mississippi Court of Appeals dismissal was denied in error. In his motion for rehearing, Murphy implied that he was unaware that he had to file a notice of appeal within thirty (30) days of the trial court's decision. (*See* Ex. "A" Attach. Pet. Resp. [11-2].) Murphy claims that he was in transit within MDOC during the mailing of the trial court's order denying his post-conviction motion and he did not receive the trial court's denial until on or about November 8, 2007. *Id.* Murphy argues that he filed his notice of appeal within thirty (30) days of receiving the trial court's order, and he states that he did not "think he needed to file for additional time to file his notice of appeal." *Id.*; *see also* Pet'r Mem. [2-1] 12. Regardless of Petitioner's contention that he signed his notice of appeal within thirty (30) days of receiving the trial court's order, Petitioner received the trial court's order prior to the notice of appeal deadline and he failed to file a notice of appeal, or even seek additional time in which to file a notice of appeal, before the deadline. Murphy's notice of appeal of the trial court's denial of his post-conviction motion was due on or

before November 12, 2007. Murphy received the trial court's order on or about November 8, 2007, four (4) days prior to the deadline. Murphy did not file his notice of appeal until November 28, 2007, sixteen (16) days after the deadline; however, the Court does note that Murphy signed the notice of appeal on November 21, 2007, which is still nine (9) days after the deadline. (S.C.R. vol. 1, 86.) Petitioner did not timely file his notice of appeal, nor did he seek additional time in which to file his notice of appeal before the deadline.

Murphy's ignorance of procedure or deadlines does not constitute "cause," as such ignorance is not an objective, external factor preventing him from raising his claim. *See Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991); *see also Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Murphy has not offered any argument that a genuine external force caused the procedural violation. *See Murray*, 477 U.S. at 488 ("external forces" include, inter alia, objective factors external to the defense that impeded counsel's compliance or "some interference by officials [that] made compliance impractical").

In addition to cause, Murphy must show "actual prejudice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 750. A showing of prejudice requires the petitioner to prove not merely that the omission created a possibility of prejudice, but that it worked to his actual and substantial disadvantage. *See United States v. Frady*, 456 U.S. 152, 170 (1982); *Russell v. Collins*, 944 F.2d 202, 205 (5th Cir.), *cert. denied*, 501 U.S. 1278 (1991). However, "absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir*, 956 F.2d at 118).

Murphy also cannot establish that procedural default would occasion a miscarriage of justice. The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is

actually innocent of the charges against him. *See Coleman*, 501 U.S. at 750; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). The evidence before the Court demonstrates that Murphy has obtained the habeas relief that he was seeking. Murphy's claim in the instant Petition does not appear to be meritorious, since as discussed *supra*, it appears that his timesheet was revised to reflect credit for the time period he spent incarcerated in Louisiana due to the robbery charge pending in Mississippi, thus rendering the instant Petition moot. Therefore, under the standard of the miscarriage of justice exception and in light of the evidence before this Court, Murphy has not established that a fundamental miscarriage of justice will result if his claim is not considered on the merits. *See Coleman*, 501 U.S. at 750; *Ward*, 53 F.3d at 108. Accordingly, this Court is precluded from considering the grounds presented in Murphy's habeas petition due to his default in the courts of Mississippi.

Based on the foregoing analysis, the Court finds that Murphy failed to present his claim to the state courts, that his claim would be barred under Mississippi law, and that he does not qualify for the equitable exceptions carved out in § 2254(b). Thus, Murphy is not entitled to habeas relief for the claim raised in his Petition.

## **CONCLUSION**

For the reasons discussed above, this Court recommends that Murphy's Petition [1-1] for Writ of Habeas Corpus be denied. In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings,

conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court.  *Douglass v. United States Auto. Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[5]

This the   2nd   day of March, 2011.

s/ John M. Roper, Sr.<br>CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.